IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **CEDRIC B. LONG** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07-CV-0629-KOB |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF** | ) |
| **SOCIAL SECURITY** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Reconsideration Under Rule 59 (doc. 13), in which he asks this court to reconsider the memorandum opinion (doc. 11) explaining its rationale for affirming the Commissioner's denial of Claimant's applications for Social Security disability insurance benefits and Supplemental Security Income. For the reasons stated below, the court GRANTS Plaintiff's motion, REOPENS this case, and will reconsider its prior memorandum opinion and order affirming the Commissioner's decision.

On June 19, 2008, this court entered an order affirming the Commissioner's denial of Claimant's application for Social Security disability insurance benefits and Supplemental Security Income. *See* docs. 11 & 12. Based on the ALJ's broad language in his decision, the court noted in its memorandum opinion "some difficulty" in determining whether the ALJ rejected the entire opinion of a treating physician, Dr. Diane McCutcheon; or conversely, whether the ALJ merely rejected Dr. McCutcheon's conclusion that Claimant suffered from *disabling* shortness of breath. Examining the ALJ's hypotheticals, residual functional capacity ("RFC") assessment, and statements at the hearing, the court ultimately concluded that the ALJ

1

rejected only the *conclusory* portion of Dr. McCutcheon's opinion – *i.e.*, that Claimant suffered from *disabling* shortness of breath – and not the non-conclusory portions of her opinion. *See* doc. 11, at pp. 11-13.

In his current motion for reconsideration, Claimant points out that Dr. McCutcheon limited Claimant to sitting for only *four* hours in an eight-hour workday, yet the ALJ determined that Claimant could perform the full range of sedentary work, which by definition involves sitting for up to *six* hours per day. Claimant requests that this court reconsider its memorandum opinion based on the two-hour disparity.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006) (citing *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003)). A motion for reconsideration should not be filed "as a knee-jerk reaction to an adverse ruling." *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002). Rather, a party should file a motion for reconsideration "only . . . when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

A party who fails to put forth his strongest case in the first instance cannot rely upon a motion for reconsideration to present additional facts and arguments. *Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Likewise, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal*

*Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Prod., Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Serv.*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar); *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (same). The grant or denial of a motion to reconsider is left to the district court's discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

Claimant's argument at this time -- that the ALJ's RFC assessment, hypotheticals to the vocational expert ("VE"), and finding that Claimant has the ability to perform sedentary work conflict with Dr. McCutcheon's limitation of four hours of sitting in an eight-hour day -- is one that should have been raised long ago. At the second hearing, the ALJ asked Claimant's attorney what limitations from treating sources should be added to his earlier hypotheticals. Although the attorney suggested a number of restrictions from Dr. McCutcheon's opinion, such as the inability to stoop, kneel, crouch, crawl, or balance, the attorney did not mention the four-hour sitting limitation. Likewise, Claimant did not expressly argue that point in his brief to this court. Nonetheless, Dr. McCutcheon's limitation, if credited, would unambiguously undermine the conclusion that Claimant can perform sedentary work as it conflicts with the very definition of "sedentary" work. This conflict presents a grave risk that an individual entitled to disability benefits would be wrongly deprived of those benefits.

Rather than risk such manifest injustice, this court GRANTS Plaintiff's motion for reconsideration. This case is hereby REOPENED, and the court will again review the Commissioner's decision and the record to determine whether the ALJ's decision is supported by substantial evidence. The parties need not supplement their earlier submissions.

DONE and ORDERED this 31st day of July 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE